**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DARWIN T. GORDON )<br>)<br>Plaintiff, )<br>)    **CIVIL ACTION**<br>v. )<br>)    No. 24-2522-JWL<br>)<br>FRANK BISIGNANO,[1] )<br>**Commissioner of Social Security,** )<br>)<br>Defendant. )<br>_____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 15) (Pl. Mot. and Mem.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $14,041.25 pursuant to the Social Security Act.

**I.   Background**

Plaintiff filed his first Complaint in the District of Kansas on February 14, 2023. Gordon v. Kijakazi, Civ. A. No. 23-2060-JAR (D. Kan. Feb. 14, 2023).   After Plaintiff

---

[1] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Lee Dudek as the defendant.   Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

filed his Social Security Brief in that case and after several extensions of time, the Commissioner filed an unopposed motion to remand which the court granted, and entered judgment remanding the case for further proceedings. Gordon v. Kijakazi, Civ. A. No. 23-2060-JAR (Docs. 25, 26, 27). Thereafter, the parties made a joint motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) which the court granted, awarding Plaintiff $6,645.00 in attorney fees. Id. (Docs. 28, 29).

After proceedings on remand, the Commissioner issued another decision finding Plaintiff not disabled within the meaning of the Social Security Act on August 30, 2024 (R. 1854-81) which Plaintiff appealed by a Complaint in this court on November 14, 2024, seeking judicial review of that decision of the Commissioner of the Social Security Administration. (Doc 1). The Commissioner filed both the administrative record in this case and an unopposed motion to remand on January 29, 2025. (Docs. 9 & 10). The court granted the motion and entered judgment remanding the case for further proceedings the same day. (Docs. 11 & 12). Attorney fees pursuant to the Equal Access to Justice Act were never requested or granted in this case. On remand, Plaintiff was provided disability benefits beginning January 2020 according to the Notice of Award issue October 19, 2025. (Pl. Mot. & Mem., Attach. 1). The Social Security Administration (SSA) noted Plaintiff's past-due benefits were $56,165.00 and that the agency "usually withhold[s] 25 percent of the total past-due benefit," thereby implying it had withheld $14,041.25 of the past-due benefits to pay attorney fees. Id., Attach. 1, p.4. However, the Notice of Award also states, "We withheld $9,200.00 from your past-

2

due benefits to pay the representative." Id. Thus, it is unclear whether the SSA withheld $14,041.25 from past-due benefits and, if so, whether the representative was paid $9,200 for work before the SSA. Plaintiff now seeks award of attorney fees of $14,041.25 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past-due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between a plaintiff and his attorney, the court is to

look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure to be used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and his counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire

4

v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court has approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No. 21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL,

2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

**III.    Discussion**

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $14,041.25.   He included a copy of the contingent fee agreement signed by Plaintiff, in which he agreed to a fee of 25 percent of past due benefits.   (Pl. Mot. & Mem., Attach. 1).   Counsel submitted a listing of the hours expended in prosecuting this case before the District of Kansas showing 31.3 hours expended.   Id., Attach. 3.   The court notes that 30.4 of the hours billed were expended writing and researching Plaintiff's Social Security Brief which was filed in the 2023 case before Judge Robinson.   Id.   An award of 25 percent of past due benefits would result in an hourly rate of $448.60 and an effective hourly rate in a noncontingent case of $160.22.   Counsel argues that the skill, competence, expertise, and experience of him and his firm ultimately produced a good result in this case and support awarding the full 25% of past due benefits.   (Pl. Mot. & Mem. 5).

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $14,041.25."   (Doc. 18, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.   Plaintiff has met his burden to prove that award of the full 25 percent of past due benefits is reasonable in the

circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case, especially considering the Commissioner chose to request remand without challenging Plaintiff's brief in the case before Judge Robinson and without waiting for a brief to be filed in this case. The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded. This is particularly true due to the deferential standard applicable in Social Security cases, <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that any Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee must be refunded to Plaintiff as the smaller fee. But Plaintiff points out that the EAJA fee granted in the earlier case was completely offset by Plaintiff's debt and was, therefore, never received by counsel. No EAJA fee was requested before this court.

The court finds that 25% of past due benefits, or $14,041.25, is a reasonable fee in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $14,041.25. The Commissioner shall provide Plaintiff's counsel the fee from any remaining past due benefits withheld up to $14,041.25. Any shortage in remaining past-due benefits withheld by the Commissioner shall be Plaintiff's

responsibility to pay to counsel.

    Dated December 2, 2025, at Kansas City, Kansas.

                                            s:/ John W. Lungstrum  
                                            **John W. Lungstrum**  
                                            **United States District Judge**